FILED '09 JUL 08 13:44 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STERLING SAVINGS BANK,<br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SUNWEST MANAGEMENT, INC., An Oregon Corporation; JON M. HARDER and KRISTIN P. HARDER; DARRYL E. FISHER and CAROL L. FISHER, husband and wife,<br>　　　　　　Defendants | Civil No. 08-1041-TC<br><br>FINDINGS AND RECOMMENDATION |

COFFIN, Magistrate Judge:

Before the court is Sterling Savings Bank's ("Sterling") motion for partial summary judgment against individual defendants Darryl Fisher, Carol Fisher and Kristin Harder[1] (doc. 27) and Sterling's motion for partial summary judgment against defendant Sunwest. (Doc. 33.) For the reasons that follow, I recommend that: (1) the court grant the partial summary judgment motion

---

[1] Sterling does not move for summary judgment against individual defendant Jon Harder because Mr. Harder has filed for bankruptcy. (Doc. 28, n. 1.)

1　Findings and Recommendations

against the three individual defendants Darryl and Carol Fisher and Kristin Harder; and (2) the court deny the partial summary judgment motion against defendant Sunwest without prejudice because it is moot.

## Background

Sterling entered into a loan agreement with Sunwest Management, Inc. ("Sunwest) for a five million dollar line of credit on July 6, 2006. To induce Sterling to make the loan, Jon Harder, Kristin Harder, Darryl Fisher, and Carol Fisher each executed individual unconditional, continuing, and unlimited commercial guaranty agreements on June 29, 2006. (Doc. 30, Exs. C-F.) Under the terms of the agreements, the guarantors agreed to pay Sterling the debt owed by Sunwest and also agreed to pay Sterling's attorney fees and costs associated with enforcement of the guaranty agreement and collection on Sunwest's Note. (Id.) Payment on Sunwest's five million dollar loan was due on July 1, 2008. (Doc. 30, ¶ 10.)

Sunwest did not pay the loan, and under the terms of the loan, it went into default. (Id.) In a letter dated August 11, 2008, Sterling gave notice to the individual guarantors that Sunwest was in default on the five million dollar loan and advised that Sterling would take legal action to collect on the loan if the default was not cured within fifteen days. (Doc. 30, Ex. G.) To date, the five million dollar loan is still in default.

Sterling filed suit against Sunwest and the four individual

2  Findings and Recommendations

guarantors. In January, one of the individual grantors, Jon Harder, filed notice of his bankruptcy filing. (Doc. 15.) On January 30, 2009, the attorney who had been representing all defendants moved to withdraw as counsel for all parties other than Jon Harder. (Doc. 19.) The court granted that motion and allowed Kristin Harder, Carol Fisher, Darryl Fisher and Sunwest to proceed pro se in this action. (Doc. 20.) A few months later, in March, the court granted Mr. Harder's counsel's motion to withdraw and allowed Mr. Harder to proceed pro se in this action. (Doc. 42.)

On April 28, 2009, the court ordered defendants to show cause in writing why a written response has not been filed to plaintiff's response regarding the Securities and Exchange Commission's ("SEC") injunction in a related case and to show cause why plaintiff's motion for summary judgment against the individual defendants should not be granted. (Doc. 45.) To date, none of the defendants have responded to the show cause order.

By separately filed order I stayed the proceedings against defendant Sunwest because of a preliminary injunction entered in case No. 09-CV-6056-TC, and I stayed the proceedings against individual defendant Jon Harder because of his bankruptcy proceedings. (Doc. 46.)

### Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

    if the pleadings, the discovery and disclosure

3   Findings and Recommendations

> materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). There must be no genuine issue of material fact. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-24 (1986). Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim. <u>Id.</u>; *see also*, <u>Bhan v. NME Hosp., Inc.</u>, 929 F.2d 1404, 1409 (9th Cir. 1991); <u>Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc.</u>, 210 F.3d 1099, 1105 (9th Cir. 2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. <u>Anderson</u>, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* On the other hand, if, after the court

4   Findings and Recommendations

has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

### Analysis

#### 1. Motion For Summary Judgment Against Sunwest

In a separate case filed in this district, Securities and Exchange Commission v. Sunwest Managment, Inc., et al, Case No. 09-CV-6056-TC, the court entered a preliminary injunction enjoining proceedings against Sunwest. (Doc. 44.) Pursuant to this injunction, I stayed the current proceedings against Sunwest. Accordingly, the motion for partial summary judgment against Sunwest (doc. 33) is denied without prejudice because it is moot.

#### 2. Motion for Summary Judgment Against Individual Defenants

Sterling notes that the material facts are not disputed. The three individual defendants unconditionally guaranteed Sterling's five million dollar loan to Sunwest, and Sunwest has defaulted on that loan. The individual defendants do not dispute that they each guaranteed the loan, nor do they dispute the terms of the guaranties. Accordingly, I find that Sterling is entitled to judgment as a matter of law against Kristin Harder, Carol Fisher, and Darryl Fisher, jointly and severally and recommend that the court grant Sterling's summary judgment motion.

### Conclusion

I recommend that the court deny Sterling's motion for partial summary judgment against Sunwest (doc. 33) without

5   Findings and Recommendation

prejudice because the stay of these proceedings against Sunwest renders it moot. I recommend that the court grant Sterling's motion for partial summary judgment (doc. 27) against individual defendants Kristin Harder, Carol Fisher, and Darryl Fisher.

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than ten days from the date this order is filed. The parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991). If no objections are filed, review of the Findings and Recommendation will go under advisement on that date. If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

Dated this 8th day of July, 2009.

THOMAS M. COFFIN
United States Magistrate Judge

6   Findings and Recommendation